**Certiorari Denied, No. 31,788, July 17, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-091**

**Filing Date: June 3 , 2009**

**Docket No. 26,593**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**ANTHONY REYES,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Joseph P. Walsh, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**KENNEDY, Judge.**

**{1}** Defendant presents to us a novel argument, seeking suppression of the evidence under the Fourth Amendment, on the ground that the police officer, who performed the traffic stop and subsequent arrest of Defendant, was without the authority to do so because he had failed to obtain his officer certification within the statutory time limit prescribed by NMSA 1978, Section 29-7-6(B) (1993), of the Law Enforcement Training Act (the Act),

1

NMSA 1978, §§ 29-7-1 to -13 (1969, as amended through 2003). Due to the specific arguments presented and developed below and on appeal, we limit our review to the narrow question of statutory construction. Under the facts presented by this case, we are not persuaded that the Legislature intended to preclude the officer from performing the duties of his employment with the police department. We affirm.

**BACKGROUND**

{2} Defendant entered a conditional plea agreement in which he pleaded no contest to the offenses of possession of methamphetamine and drug paraphernalia, admitted to being a habitual offender, and reserved the right to appeal the denial of his suppression motion.

{3} The facts are undisputed. Defendant does not challenge the officer's conduct during the stop and arrest. On May 30, 2005, Officer Gomez pulled Defendant over for speeding on his motorcycle in Hurley, New Mexico. In the course of the traffic stop, Officer Gomez discovered that Defendant's driver's license had been revoked and arrested him. Officer Gomez asked Defendant if he had anything in his pockets, to which Defendant responded that he had a glass pipe. During the search of Defendant's pockets incident to his arrest, Officer Gomez found the glass pipe and a substance that Defendant admitted was methamphetamine.

{4} Defendant moved to suppress the evidence, however, and argued that Officer Gomez was not a certified officer and that his position should have been forfeited because the Act requires an officer who does not obtain certification within one year to forfeit his position. *See* § 29-7-6(B). Therefore, Defendant argued that Officer Gomez had no more authority than an ordinary citizen to stop and arrest Defendant and that the officer's actions in this case exceeded the scope of permissible law enforcement by ordinary citizens. The State argued that Officer Gomez was not required to forfeit his position and therefore had the authority to stop Defendant, because his employment history with police agencies where he had been employed complied with the statutory time frame contemplated by the Legislature in enacting the applicable provision of the Act.

{5} The district court held a hearing on the motion, at which Defendant and the State asserted conflicting interpretations of the statutory provision, both relying upon the plain meaning of the language and the policies underlying the Act. The district court denied Defendant's motion to suppress and ruled that Officer Gomez had worked reasonably and in good faith toward completing all relevant training and that the policies underlying the statute would not be furthered by granting Defendant's motion.

{6} In addition to addressing the parties' arguments interpreting the statute, the district court expressed doubt that the Legislature contemplated invalidating an arrest for a technical violation of the Act. The court noted the lack of injury suffered by Defendant or the public as a result of Officer Gomez's lack of certification at the time of the arrest and observed that "Defendant's Fourth Amendment rights were never violated [by the o]fficer."

{7} We share the concerns that caused the district court to question Defendant's ability

2

to challenge Officer Gomez's certification status and his authority to act in an official capacity. We also recognize a question concerning the applicability of the exclusionary rule to a technical violation of the Act in the absence of officer misconduct. The district court, however, never expressed its concerns in terms of whether Defendant had standing to question these facts or whether the exclusionary rule is the appropriate remedy for a violation of the Act. In fact, the court commented at the hearing that there is no problem with the exclusionary rule in this case.

**{8}** In addition, the parties never addressed Defendant's standing to enforce the statute or whether suppressing the evidence was an appropriate remedy for an alleged technical violation of the statute. Defendant's brief in chief makes no argument that the Legislature intended to empower members of the public to enforce the statute and makes no argument that enforcement of the Act by suppressing the evidence is appropriate. The State raises these matters for the first time in its answer brief. Defendant's reply brief responds to these issues only to argue that the State may not raise standing for the first time on appeal. We see no reason to address these questions.

**{9}** We do not further analyze this case as presented by the parties and interpret the statutory provision at issue, assuming without deciding that Defendant has an enforceable right under the statute that may be enforced by the exclusionary rule.

**DISCUSSION**

**{10}** We treat a district court's ruling on a motion to suppress as a mixed question of fact and law, reviewing the factual findings for substantial evidence and reviewing legal conclusions de novo. *State v. Garcia*, 2005-NMSC-017, ¶ 27, 138 N.M. 1, 116 P.3d 72. Because resolution of this appeal only requires us to interpret the Act, the question is purely legal, and our review of the district court's decision is de novo. *See State v. Padilla*, 2008-NMSC-006, ¶ 7, 143 N.M. 310, 176 P.3d 299.

**{11}** "The primary goal in interpreting a statute is to give effect to the Legislature's intent." *State v. Davis*, 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064. Of course, we begin with the plain language of the statute to determine whether to enforce the statute as written. *Padilla*, 2008-NMSC-006, ¶ 7. "If the language of the statute is 'doubtful [or] ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity, or contradiction,' the court should reject the plain meaning rule in favor of construing the statute 'according to its obvious spirit or reason.'" *Id.* (citation omitted); *see State v. Smith*, 2004-NMSC-032, ¶¶ 8, 10, 136 N.M. 372, 98 P.3d 1022 (stating that not only is it our "ultimate goal . . . to ascertain and give effect to the intent of the Legislature," but the court will "reject[] a formalistic and mechanical statutory construction when the results would be . . . contrary to the spirit of the statute" (Internal quotation marks and citation omitted)).

**{12}** Defendant's challenge to Officer Gomez's authority to pull him over is based on Section 29-7-6(B) which provides:

> A person employed as a police officer by any law enforcement

agency in this state shall forfeit his position unless, no later than twelve months after beginning his employment as a police officer, the person satisfies the qualifications for certification set forth in Subsection A of this section and is awarded a certificate attesting to that fact.

Defendant argues that Officer Gomez violated the Act because he failed to obtain certification within this one-year time frame and that he was therefore required to forfeit his position as an officer and, therefore, did not have the authority to pull him over for a minor traffic offense.

**{13}** The parties have stipulated to and the district court found Officer Gomez's employment history to be as follows. Starting on December 10, 2002, Officer Gomez was employed by the Santa Clara Police Department and attended the police academy. On February 4, 2003, after two months of employment he dropped out of the police academy due to traffic violations. For about two years thereafter, he obtained different employment, including work as a detention officer and as a member of the Army National Guard, for which he did not need police training. In January 2005, Officer Gomez restarted his career as a police officer by re-enrolling in the police academy and obtaining a job as an officer with the Hurley Police Department. On May 30, 2005, after four months of employment with the Hurley Police Department and while he was still in the police academy, Officer Gomez stopped Defendant for speeding and arrested him for riding his motorcycle with a revoked license. Officer Gomez completed his training in the police academy in June 2005 and received his police certification on December 14, 2005, within twelve months of his employment with the Hurley Police Department but more than two years after he had first been employed as a police officer with the Santa Clara Police Department.

**{14}** Defendant reads the statute narrowly to require that Officer Gomez receive his certification within twelve months of his initial employment with law enforcement in Santa Clara back in December 2002 or forfeit his position as an officer.[1] Because Officer Gomez did not obtain his certification within that time, Defendant argues that Officer Gomez had no more authority to stop and arrest Defendant than would an ordinary citizen and argues that a citizen could not have stopped and arrested him for a minor traffic offense. Defendant argues that his interpretation and application of the statutory provision serves the policy behind the Act: "to have trained law enforcement officers out on the streets patrolling the area and protecting the community."

**{15}** Initially, we observe that the facts of this case do not fit squarely within a literal reading of the statute. Officer Gomez was not employed by any police department and had no position to forfeit twelve months after he began his employment with the Santa Clara Police Department. Our obligation is to apply the statutory language to the facts in a manner that best effectuates the legislative intent. *See Padilla*, 2008-NMSC-006, ¶ 10. We agree

___

[1] It is unclear whether Defendant sees this forfeiture as permanent or just precluding active duty employment until training could be completed. Our opinion draws no such distinction.

4

with Defendant that the legislative purpose of the statute is to have trained law enforcement personnel performing the duties of police officers. *See* § 29-7-2 (establishing the "'New Mexico law enforcement academy' . . . to provide a planned program of basic law enforcement training and in-service law enforcement training for police officers and to furnish instruction and seminars to constantly upgrade law enforcement within the state"). We also agree with the district court that the legislative intent was to provide a reasonable but definite time by which police officers must be trained and certified, without frustrating police departments' recruitment of certifiable officers.

**{16}** The State points out that an application of Defendant's interpretation of the statute to these facts would have prohibited the Hurley Police Department from hiring Officer Gomez because of his two-month long employment with the Santa Clara Police Department two years earlier. We agree that applying Defendant's arguments would have this effect. In addition, Defendant's arguments would either prohibit Officer Gomez from ever working in law enforcement or require him to have obtained certification before he could have been employed by the Hurley Police Department. We are not persuaded that the Legislature intended to cripple the ability of police departments to hire officers in this manner, particularly under these circumstances. *See Padilla*, 2008-NMSC-006, ¶ 7 ("If the language of the statute is doubtful, ambiguous, or an adherence to the literal meaning of the words would lead to injustice, adsurdity, or contradiction, the court should reject the plain meaning rule in favor of construing the statute according to its obvious spirit or reason." (Internal quotation marks and citation omitted)). Had the Legislature intended such a dramatic result, we believe it would have explicitly provided for it.

**{17}** The State argues that a more reasonable application of the statute, which would effectively accomplish the intent of the Legislature, would provide "a new twelve-month period" to obtain certification beginning when Officer Gomez was hired as an officer in Hurley. As the State points out, Defendant's narrow interpretation of the statute and its application to the facts of this case defeats the obvious spirit of the Act and would preclude a person who begins a career as a police officer, leaves for a short period of time, and then resumes a career as an officer from ever obtaining certification within the twelve months required by statute. *See Smith*, 2004-NMSC-032, ¶¶ 8, 10 (noting that we will reject a formalistic construction of a statute when doing so would be contrary to the obvious spirit of the statute). While we are mindful of Defendant's argument that this interpretation would permit an officer, not fully trained and qualified, to move from one police department to another to avoid the statutory certification requirement, this is not the situation with which we are faced in this case. There is no indication that Officer Gomez left his position with the Santa Clara Police Department in an attempt to circumvent the twelve-month certification requirement. Instead, after Officer Gomez left his position with the Santa Clara Police Department he did not work in any capacity that demanded police officer certification for two years. When he resumed service as a law enforcement officer, he obtained his training through the police academy and became a certified officer within the statutorily required twelve-month period. We are not persuaded that the Legislature intended to prohibit Officer Gomez from executing the powers and responsibilities of a police officer at the time of Defendant's stop and arrest merely because he started working as an officer, changed careers for a short time, and then again became a police officer. We therefore hold

that an officer like Officer Gomez who becomes employed as a police officer after a break in service that was not intended to circumvent the certification requirement is provided twelve months from the date of his or her new employment to obtain certification under Section 29-7-6(B).

**CONCLUSION**

**{18}** For these reasons, we affirm the district court's denial of Defendant's motion to suppress the evidence.

**{19}   IT IS SO ORDERED.**

_____
  **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**


**Topic Index for _State v. Reyes_, No. 26,593**

| | |
|---|---|
| **CA** | **CRIMINAL PROCEDURE** |
| CA-PO | Peace Officer |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-PR | Privacy |
| | |
| **EV** | **EVIDENCE** |
| EV-SU | Suppression of Evidence |
| | |
| **GV** | **GOVERNMENT** |
| GV-CT | Certification |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |